This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40051**

**IN THE MATTER OF THE ESTATE OF
EVELYN CHAVEZ, Deceased,
DAVID A. CARABAJAL,**

      Petitioner-Appellant,

v.

**VINCENT D. CHAVEZ,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Court Judge**

David A. Carabajal
Albuquerque, NM

Pro Se Appellant

Dylan P. Lutey
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Petitioner appeals from the district court's order granting informal appointment of a personal representative in this probate proceeding. We issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Petitioner continues to challenge the district court's appointment of the decedent's son as personal representative arguing that because he paid the property

taxes and maintained the estate, he should be appointed as personal representative. [DS 3; MIO 1] Specifically, Petitioner states that "the [d]istrict [c]ourt didn't consider [his] position in the case of the [e]state," and that "the [e]state should come back to [him] as written on the Warranty Deed (Joint Tenants)." [MIO 1] Petitioner, however, has not asserted any new facts and does not challenge our understanding of the evidence presented or identify any particular legal error in our proposed analysis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we are unpersuaded that our notice of proposed disposition was erroneous and affirm for the reasons stated therein. [CN 2-3]

{3}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**